UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RAUL TORRES PINEDA (A246-934-259),

Petitioner,

v.

WARDEN, MESA VERDE,

Respondent.

No. 1:26-cv-08399-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Honduras who entered the United States around 2022 without being inspected by immigration officials. ECF Nos. 1, 5-1 at 3 (I-213 Form). He was arrested as part of a drug sweep conducted by the Drug Enforcement Administration ("DEA") in downtown San Francisco. ECF No. 5-1 at 2. However, the United States Attorney's Office declined to prosecute him for any offense. ECF No. 5-1 at 2. He was transferred into the custody of Immigration and Customs Enforcement ("ICE") on October 2, 2025 and placed in removal proceedings under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act for being

present without being admitted or paroled into the United States. ECF No. 5-1 at 2, 4 (Notice to Appear). His next immigration hearing is scheduled for November 23, 2026. See https://perma.cc/2B6B-KQMH (EOIR's Automated Case Information database searched by A# and country of origin). Petitioner is currently detained at the Mesa Verde Detention Facility located in this judicial district.

On October 4, 2026, Petitioner filed the pending § 2241 petition challenging his ongoing detention without an individualized bond hearing as a violation of the Fifth Amendment's due process clause. ECF No. 1. In his habeas petition, he also indicates that he fears being returned to Honduras on account of his sexual orientation. ECF No. 1 at 6.

By way of an answer, Respondent asserts that Petitioner's detention should fall under 8 U.S.C. § 1225(b)(2)(A), but acknowledges that the Ninth Circuit decision in Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), holds that § 1226(a) governs Petitioner's detention instead. ECF No. 5. Respondent also seeks dismissal of the § 2241 petition on the basis that Petitioner has not exhausted his administrative remedies by requesting a bond hearing pursuant to § 1226(a). ECF No. 5.

## LEGAL STANDARDS

### II. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See

Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**III. Statutory Immigration Framework**

The Parties agree that 8 U.S.C. § 1226(a) governs Petitioner's detention. The Supreme Court discussed this statutory authority governing Petitioner's detention in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> Even once inside the United States, [noncitizens] do not have an absolute right to remain here. For example, a [noncitizen] present in the country may still be removed if he or she falls "within one or more . . . classes of deportable [noncitizens]." [8 U.S.C.] § 1227(a). That includes [noncitizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).
>
> Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal . . . Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a). 'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Jennings, 583 U.S. at 288.[1]

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen]

---

[1] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'") (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

is likely to appear for any future proceeding.'" Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After a custody redetermination hearing, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

## DISCUSSION

### IV. Due Process Analysis

The record in this case demonstrates that Petitioner has been detained for more than one year without any bond hearing to determine whether his detention is justified based on his dangerousness or flight risk. Although Respondent faults Petitioner for the absence of such a bond hearing, there is no evidence before the Court that Petitioner received notice that he was entitled to request a custody redetermination hearing before an immigration judge. For example, there is nothing in the record indicating that Respondent undertook a custody determination through Form I-286, and served that form on Petitioner, which would have allowed him to request a bond hearing. Absent such notice, the Court rejects Respondent's argument that the exhaustion of administrative remedies should be required. Put simply, Petitioner cannot be expected to avail himself of an administrative remedy that he does not know about. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (holding that in order to comply with due process "notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance"). Therefore, exhaustion in this case should be waived. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

The undersigned further concludes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). However, Petitioner was denied those statutory

protections for a period exceeding a year in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right."). In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Therefore, the undersigned finds that Petitioner is entitled to habeas relief in the form of immediate release from immigration detention. See Huerta Huerta v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-02301-DAD-CSK, 2026 WL 1552359, at *1–2 (E.D. Cal. June 2, 2026) (collecting cases finding that immediate release is the appropriate remedy where the petitioner was improperly denied a bond hearing for several months).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner JOSE RAUL TORRES PINEDA (A246-934-259) from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the Mesa Verde Detention Facility with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court is directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE